**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TOBIAS ROETSCH,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 26-cv-06545<br><br>**Judge Edmond E. Chang**<br><br>**Magistrate Judge Jeannice W. Appenteng** |

**ORDER FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Plaintiff Tobias Roetsch ("Roetsch" or "Plaintiff) filed an *Ex Parte* Motion for Entry of An Order for leave to conduct Expedited Discovery and Service of Process by E-mail and/or Electronic Publication (the "Motion") against the fully interactive, e-commerce store operating under the seller alias identified in Amended Schedule A to the Complaint and attached hereto (the "Defendant") and using at least the online marketplace account identified in Amended Schedule A (the "Defendant Internet Store"). After reviewing the Motion and the accompanying record, this Court GRANTS Roetsch's Motion in part and denies it in part without prejudice as follows.

For purposes of granting expedited discovery, it is appropriate to allow the Plaintiff to obtain information on personal jurisdiction. Under *Liu v. Monthly*, 170 F.4th 1090, 1093–94(7th Cir. 2026), the Plaintiff must be able to show at least one sale of an infringing product into Illinois to establish personal jurisdiction. Based on the evidence so far, the Defendant operates an e-commerce store that is accessible to Illinois consumers and offers shipping to Illinois. But if the early discovery does not reveal a sale of an infringing product into Illinois, then personal jurisdiction will not be established.

This Court also finds that issuing this Order without notice pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure is appropriate because Roetsch has presented specific facts in support of the Motion clearly showing that Plaintiff will be otherwise unable to properly serve Defendant without the requested leave. Specifically, an *ex parte* Order for discovery of Defendant's financial accounts and e-mail addresses is necessary so that Defendant can be served with notice to conserve judicial resources and proceed to the merits of this case. Accordingly, this Court orders that:

1. Upon Roetsch's request, any third party with actual notice of this Order who is providing services for the Defendant, or in connection with Defendant's Defendant Internet Store, including, without limitation, any online marketplace platforms such as Temu, LLC ("Temu") (the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including all known contact information and all associated e-mail addresses;

    b. Defendant's financial accounts, including operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Store and Defendant's financial accounts, including Defendant's sales and listing history related to its respective Defendant Internet Store; and

    c. any financial accounts owned or controlled by Defendant, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation

with it, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Temu, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

2. Authorization of electronic service, however, is premature. It is not clear why the Plaintiff Plaintiff may provide notice of the proceedings in this case to Defendant, including notice of this Order and any hearings, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to any e-mail addresses provided for Defendant by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Chen Yi Canvas painting" that shall apply to Defendant. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendant receives from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and afford it the opportunity to present its objections.

Date: 10/01/2026

Edmond E. Chang
United States District Judge

**Amended Schedule A**

| No. | Defendant |
|---|---|
| 1 | Chen Yi Canvas painting |